FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2013 NOV -7 P 12: 14

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| DEIRDRE WILLIAMSON JAIN, and<br>EMILY RUTH WILLIAMSON, Individually,<br>And as Co-Administrators of the Estate of<br>Joseph Seth Williamson, II, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES, INC.,<br>ABBOTT LABORATORIES, and<br>HOSPIRA, INC.<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:13CV1381<br>) CMH/IDD<br>)<br>)<br>)<br>) |

### DEFENDANT ABBOTT LABORATORIES' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Abbott Laboratories ("Abbott") hereby removes this action from the Circuit Court for the County of Fairfax, Commonwealth of Virginia, to the United States District Court for the Eastern District of Virginia, Alexandria Division. In support of its Notice of Removal, Abbott respectfully states:

### Grounds For Removal

1. On or about October 4, 2013, Plaintiffs Deirdre Williamson Jain, and Emily Ruth Williamson, Co-Administrators of the Estate of Joseph Seth Williamson, II, Deceased (hereinafter "Plaintiffs") commenced this wrongful death action by filing a Complaint captioned *Deirdre Williamson Jain, et al. v. Abbott Laboratories Inc., et al.*, Case No. 2013-15366, in the Circuit Court for Fairfax County, Commonwealth of Virginia.

2. This is a case in which Plaintiffs assert that Joseph Seth Williamson, II, died as a result of receiving an overdose of the prescription medication Dilaudid, which plaintiffs attribute

to alleged defects in the design and manufacture of a LifeCare Patient Controlled Analgesia ("PCA") pump manufactured by Defendants. (See, e.g., Complaint, ¶¶ 4, 7-8)

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Abbott has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**I.  Abbott Has Satisfied The Procedural Requirements For Removal.**

4. Plaintiffs filed their Complaint in the Circuit Court of Fairfax County, Commonwealth of Virginia on or about October 4, 2013. Abbott was served with the Complaint on October 17, 2013. Because this Notice of Removal is being filed within 30 days of the date of service of the Complaint on Abbott, removal is timely. *See* 28 U.S.C. § 1446(b).

5. The two other defendants in this action, Abbott Laboratories, Inc. and Hospira, Inc., were served with the Complaint through service on the Secretary of the Commonwealth of Virginia on October 29, 2013. Both Abbott Laboratories, Inc. and Hospira, Inc. join in and consent to this removal and have authorized Abbott to communicate their joinder and consent to the Court. All three defendants will be represented by Venable LLP in this action.

6. No further proceedings have been had in this action.

7. No previous application has been made for the relief requested herein.

8. Removal to this Court is proper because it is "the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). Therefore, this action is properly removed to the Eastern District of Virginia, Alexandria Division, pursuant to 28 U.S.C. § 127(a).

9. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Abbott, which includes the Complaint, the Summons, as well as all other documents filed in the state court action, are attached hereto collectively as Exhibit A.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs' Counsel and a copy is being filed with the Clerk of the Circuit Court for the County of Fairfax, Commonwealth of Virginia.

## II. Removal Is Proper Because This Court Has Subject Matter Jurisdiction Pursuant To 28 U.S.C. §§ 1332 and 1441.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy in this civil action exceeds the sum of $75,000, exclusive of interest and costs, and because complete diversity of citizenship exists between the parties.

### A. The amount in controversy requirement is satisfied.

12. A defendant may remove a case where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

13. Here, it is apparent from the face of the Complaint that Plaintiffs seek recovery of an amount in excess of $75,000, exclusive of interest and costs.

14. Specifically, Plaintiffs demand judgment for compensatory damages in the amount of $10,000,000 based on their claims alleging negligence, breach of implied warranty, and breach of express warranty. (Complaint, Wherefore Clauses, pp. 11, 14, 15.)

15. Therefore, as pled by Plaintiffs, the amount in controversy in this matter plainly exceeds $75,000, and thus the Court's jurisdictional limit has been met.

### B. There is complete diversity jurisdiction between the parties.

16. As is discussed in greater detail below, diversity of citizenship as between Plaintiffs and Defendants existed at the time that Plaintiffs commenced the state court action and continues to exist as of the time of removal.

17. At the time of his death, Joseph Seth Williamson, II, was a resident of Blacksburg, Montgomery County, Commonwealth of Virginia. (*See* Exhibit B, Obituary of Mr. Williamson.)

18. An action for the wrongful death of an individual "shall be brought by and in the name of the personal representative of such deceased person." Va. Code § 8.01-50(C). As

shown in Plaintiffs' Exhibit 1 to their Complaint, Deirdre W. Jain and Emily Ruth Williamson obtained an order of the Circuit Court of Montgomery County, Virginia, appointing them as Co-Administrators of Decedent's Estate and qualifying them as personal representatives entitled to bring a claim for Decedent's wrongful death. (Complaint, ¶ 1) Under Virginia law, personal representatives seeking to be qualified as Administrators must petition the Circuit Court for the county in which the Decedent resided at the time of his death, *see* Va. Code § 64.1-75, further establishing that at the time of his death, Mr. Williamson was a resident of Montgomery County, Virginia. Accordingly, Abbott avers that Decedent was, at the time of his death, a resident and citizen of the Commonwealth of Virginia.

19. Because decedent Joseph Seth Williamson, II, was a citizen of Virginia, Plaintiffs are deemed citizens of the Commonwealth of Virginia for diversity purposes. See 28 U.S.C. § 1332(c)(2) (for purposes of this section, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent").

20. Abbott is now, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Illinois with its principal place of business in the State of Illinois and, therefore, is now, and was at the time Plaintiff commenced this action, a citizen of the State of Illinois for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

21. Abbott Laboratories, Inc. is now, and was at the time Plaintiffs commenced this action, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Illinois and, therefore, is now, and was at the time this lawsuit commenced, a citizen of the States of Delaware and Illinois for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

22. Hospira, Inc. is now, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Illinois and, therefore, is now, and was at the time Plaintiff commenced this action, a citizen of the States of Delaware and Illinois for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

23. Hence, there is complete diversity between Plaintiffs and Defendants.

24. In addition, no defendant is a citizen of the Commonwealth of Virginia, the state in which this action was brought.

25. As no defendant is a citizen of the state in which this action as filed, and there is complete diversity between Plaintiffs and Defendants, this action may be removed to this Court.

WHEREFORE, Defendant Abbott respectfully removes this action from the Circuit Court for the County of Fairfax, Commonwealth of Virginia to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated: __November 7__, 2013.

_____
Michael W. Robinson
VSB No. 26522
8010 Towers Crescent Drive, Suite 300
Tysons Corner, VA 22182
(703) 760-1988 (phone)
(703) 821-8949 (facsimile)
mwrobinson@venable.com

*Counsel for Abbott Laboratories*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served, via electronic and U.S. mail this 7th day of November, 2013 on:

Robert T. Hall, Esquire
VSB No. 4826
Gobind S. Sethi
VSB No. 72266
Hall & Sethi, PLC
12120 Sunset Hills Road, suite 150
Reston, VA 20190
(703) 925-9500 (phone)
(703) 925-9166 (facsimile)
rthall@hallandsethi.com

*Counsel for Plaintiffs*

Michael W. Robinson
VSB No. 26522
8010 Towers Crescent Drive, Suite 300
Tysons Corner, VA 22182
(703) 760-1988 (phone)
(703) 821-8949 (facsimile)
mwrobinson@venable.com

*Counsel for Abbott Laboratories*

7272406